UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MOUNT HAMILTON PARTNERS, LLC<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>GOOGLE INC.,<br><br>　　　　　　Defendant. | C.A. No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mount Hamilton Partners, LLC ("Mount Hamilton") files this Complaint for Patent Infringement against Defendant Google Inc. ("Google") and alleges as follows:

### PARTIES

1. Plaintiff Mount Hamilton is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 201 San Antonio Circle, Suite 290 Mountain View, CA 94040.

2. Upon information and belief, Defendant Google is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### JURISDICTION

3. This is an action for infringement of United States Patent No. 7,904,334 B2 ("the '334 Patent") under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

4. This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Google based on the following, among other reasons: (a) Google is a Delaware corporation thus is authorized to do business in the State of Delaware and regularly conducts such business; (b) Google maintains a website and social media presence that are accessible to residents of the State of Delaware; (c)

Google has purposefully availed itself of the benefits and protections of Delaware law by doing and transacting business in the State of Delaware; and (d) Google has committed tortious acts, including committing acts of patent infringement in violation of 35 U.S.C. § 271, that it knew or should have known would cause injury to Mount Hamilton in the State of Delaware. All of Google's contacts with the State of Delaware are systematic, continuous and substantial.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because Google is subject to personal jurisdiction in this District and regularly transacts business in this District, and because a substantial part of the events giving rise to the claims herein have occurred in this District.

## FACTS

7. On March 8, 2011, the United States Patent and Trademark Office duly and legally issued the '334 Patent, entitled "SYSTEM AND METHOD FOR REDUCING EXCESS CAPACITY FOR RESTAURANTS AND OTHER INDUSTRIES DURING OFF-PEAK OR OTHER TIMES." A copy of the '334 Patent is attached hereto as Exhibit A.

8. Mount Hamilton is the owner of all right, title and interest in and to the '334 Patent, and has the right to sue and recover damages for infringement thereof.

9. The '334 Patent is a pioneering patent. The '334 Patent provides an innovative solution that simultaneously addresses several problems facing restaurants and other service industries. These problems include, without limitation, the challenges of (a) reducing excess capacity during off-peak hours (e.g., because unused seats translate to lost sales for a restaurant); and (b) businesses, such as restaurants, not having detailed information about their customers, thereby making it difficult to effectively market to customers and generate repeat business and customer loyalty, among other things.

10. The '334 Patent relates, in part, to providing a unique combination of features to address these and other problems.

11.     Google operates a system to help restaurants and other businesses reduce excess capacity by offering "Google Offers" to users. Google operates one or more servers that enable users to register and create an account. Through this and other actions, Google collects and stores information from users. The Google Offers system enables users to receive incentives to purchase a service from a business. Google Offers are deals whereby a user pays a fee for an incentive (for example pay $15 to get $30 worth of services). The incentives are subject to restrictions. For example, at least some Google Offers are only valid for certain dates and/or at certain times. Google Offers are also offered via Google's downloadable software application available on the Android platform.

12.     Additionally, a portion of the Google Offers website (www.google.com/offers) includes a feature called "Featured Offers." Certain incentives available through the Featured Offers are only good on a given date and/or at a certain time, which may correspond to off peak periods for the services. Different businesses can offer deals that are good at different times corresponding to periods of non-peak demand for their service. Google Offers also offers the Featured Offers via its downloadable software application available on the Android platform.

13.     On information and belief, regardless of the restrictions that any business may elect to impose, Google at least offers to sell to all such businesses an option to include date and/or time restrictions.

14.     On or about December 12, 2011, Mount Hamilton provided notice via Federal Express to Google identifying Google's infringement of at least one claim of the '334 Patent. Google did not respond to Mount Hamilton and instead continues to infringe the '334 Patent.

**COUNT 1- PATENT INFRINGEMENT**

15.     The allegations of Paragraphs 1-14 are repeated and incorporated herein by reference, as though fully set forth herein.

16.     Google has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '334 Patent in violation of the patent laws of the United Stated,

including one or more of 35 U.S.C., §§ 271(a), (b), and/or (c), by making, having made, using, selling, offering to sell, and/or importing in or into the United States, including this judicial district, without authority, products and services that infringe one or more claims of the '334 Patent, including without limitation the Infringing Products and/or Services set forth above.

17. Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Google have occurred with knowledge of the '334 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

18. Mount Hamilton has been damaged by the infringement by Google and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

19. Mount Hamilton has no adequate remedy at law.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands trial by jury for all claims triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Mount Hamilton prays for the following relief:

A. A judgment for Plaintiff on the Complaint, including a finding that Google has infringed, contributorily infringed, and/or induced infringement of the '334 Patent;

B. A judgment and order preliminarily and permanently enjoining Google, its employees and agents, and any other person(s) in active concert or participation with it from infringing, contributorily infringing, and/or inducing infringement of the '334 Patent;

C. An order directing Google to file with the Court, and serve upon Mount Hamilton's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

D. A judgment that Google has willfully infringed and is willfully infringing the '334 Patent;

E. A judgment and order requiring Google to pay Mount Hamilton damages, including damages under 35 U.S.C. § 284, along with prejudgment interest and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed, but in no event less than a reasonable royalty, including treble damages for willful infringement as provided by 35 U.S.C. § 284;

F. A judgment and order declaring this an exceptional case and awarding Mount Hamilton attorneys' fees and expenses, as provided by 35 U.S.C. § 285; and

G. A judgment and order awarding Mount Hamilton such other and further relief as this Court may deem just and proper.

Date: December 21, 2011                     **FARNAN LLP**

*/s/ Brian E. Farnan*
Joseph J. Farnan, Jr. (Bar No. 100245)
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Fl.
Wilmington, Delaware 19801
302-777-0300 Telephone
302-777-0301 Facsimile
bfarnan@farnanlaw.com


Of Counsel:

James G. Gatto
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4856
Phone: (703) 770-7754
Fax: (703) 770-7901
james.gatto@pillsburylaw.com