IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Nos. CV 12-01698

MOUNT HAMILTON PARTNERS, LLC,

         Plaintiff,

   v.

GOOGLE INC.,

         Defendant.

                                               /

**ORDER RE: PROTECTIVE ORDER**

This order resolves the parties' dispute regarding the scope of the patent prosecution bar in the protective order. Dkt. 53. Plaintiff Mount Hamilton Partners, LLC's ("MHP") narrow version would only apply the bar to the "subject matter of the litigation," namely, the patent-in suit. *Id.* at 3. MHP's bar would include activity related to "reducing excess capacity by offering incentives for off-peak periods at restaurants and other service industries where the incentives are valid for a date and time period corresponding to the off peak period." *Id.* at 1. Defendant Google Inc.'s ("Google") broader version would cover not only the subject matter of litigation, but also "highly confidential technical information to be produced." *Id.* at 4. Google's bar would include activity related to "online deals and exclusive rewards redeemable for discounted good or services." *Id.* at 1.

To determine the proper scope of a patent bar, district courts must balance "the risk of inadvertent disclosure or competitive use" against "the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1380 (Fed. Cir. 2010) (citations omitted). "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required." *Id.* As a threshold matter, the court "must be satisfied that the kind of information that will trigger the bar is relevant to the preparation and prosecution of patent applications before the PTO." *Id.* at 1381.

Generally, the Court agrees with Google's position that the Court need not limit the scope of a prosecution bar to the subject matter claimed in the patent-in-suit, particularly where the accused technology may have broader applicability. *See, e.g.*, *Positive Techs. Inc., v. Sony Electronics, Inc.*, 3:11-cv-02226-SI (Dkts. 351 & 361) (N.D. Cal. July 31, 2012). The Court also agrees with Google's position that the narrow bar proposed by MHP "does not extend to the technical information Google expects to produce" and exposes Google to very real risks that MHP's counsel could use that technical information in other patent prosecutions. Dkt. 53 at 4. As Google contends, it will be producing categories of information broader than the patent-in-suit because its allegedly infringing website offers discounted products in a broader way than the "incentives for off-peak periods" model used by MHP.

The Court, however, disagrees with the proposed scope of Google's bar. In particular, the Court does not agree that Google's definition of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO"), which triggers the underlying bar, is necessary to mitigate the risks Google has identified. *See* Patent L.R. 2-2 Interim Model Protective Order ¶ 8. According to MHP, Google's AEO designation would include marketing, financial, sales, web traffic, research and development, strategic plans, commercially sensitive information, including information obtained from a non-party, and information or data related to future products not yet commercially released, in addition to technical information. Dkt. 53 at 2. Non-technical sales or financial information, however sensitive or confidential, generally should not trigger the bar. *See In re Deutsche Bank,* 605 F.3d at 1381 ("financial data and other sensitive business information, even if deemed confidential, would not normally be relevant to a patent application and thus would not normally be expected to trigger a patent prosecution bar."). To include the non-technical but otherwise AEO information in a prosecution bar, as MHP notes, would severely cut into MHP's client base.

Accordingly, the Court ADOPTS IN PART Google's proposed prosecution bar as follows:

> Any individual who receives access to **technical information** which was designated "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be involved in the prosecution of patents of patent applications relating to **online deals and exclusive rewards redeemable for discounted goods or services**, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the USPTO.

2

1  The Court hereby DIRECTS the parties to incorporate the above terms, or similar terms not inconsistent
2  with this order, into any "Prosecution Bar" provision contained in the protective order to be filed with
3  the Court for approval no later than **November 26, 2012**. The parties may also stipulate to, or alter
4  additional terms of the prosecution bar, such as length, so long as they are not inconsistent with this
5  order.

7  **IT IS SO ORDERED.**

9  Dated: November 15, 2012

SUSAN ILLSTON
United States District Judge