

Victoria Q. Smith
PHONE: (650) 838-4313
FAX:    (650) 838-4669
EMAIL: VSmith@perkinscoie.com

3150 Porter Drive
Palo Alto, California 94304
PHONE: 650.838.4300
FAX: 650.838.4350
www.perkinscoie.com

June 10, 2013

*VIA ELECTRONIC FILING*

District Judge Susan Illston
San Francisco Courthouse, Courtroom 10 - 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

> **Re:** *Mount Hamilton Partners, LLC v. Google Inc.* **(Case No. 3:12-cv-1698-SI)**

Dear Judge Illston:

In accordance with Paragraph 2 of Your Honor's Standing Order, defendant Google, Inc. ("Google") and plaintiff Mount Hamilton Partners, LLC ("MHP") submit this joint letter regarding a discovery dispute concerning certain responses by MHP to Google's interrogatories and requests for production.[1]  The parties met-and-conferred by telephone on May 17, 2013 but were unable to reach agreement on the matters discussed below.

**1.  Google's Position**

    **a.  MHP Improperly Refuses to Answer Google's Interrogatory Nos. 5-8.**

MHP refuses to answer Google's Interrogatory Nos. 5-8 solely on grounds that Interrogatory Nos. 1-4 contain subparts that allegedly exceed the 20-interrogatory limit agreed to by the parties.  MHP is wrong.  Each of Interrogatory Nos. 1-4 constitutes only one interrogatory.

A single interrogatory containing multiple subparts counts as one interrogatory "if [the subparts] are logically or factually subsumed within and necessarily related to the primary question." *Sunnergren v. Cate*, 2013 W.L. 56758, at *1 (N.D. Cal. Jan. 3, 2013) (quotations omitted) (holding that five interrogatories that each contained 12 subparts did not exceed the 25

---

[1] Google's interrogatories are attached hereto as Exhibit 1 (hereinafter "Interrogatories" or "Interrogatory"), and MHP's responses thereto are attached as Exhibits 2 and 3.  Google's document requests are attached as Exhibit 4 (hereinafter "Document Requests" or "Document Request"), and MHP's responses thereto are attached as Exhibits 5 and 6.

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DALLAS · DENVER · LOS ANGELES · MADISON · NEW YORK
PALO ALTO · PHOENIX · PORTLAND · SAN DIEGO · SAN FRANCISCO · SEATTLE · SHANGHAI · TAIPEI · WASHINGTON, D.C.

Perkins Coie LLP

District Judge Susan Illston
June 10, 2013
Page 2

interrogatory limit because "[t]he subparts relate to the same topic, and are necessarily related to the question of each Defendant's actions that would support his or her role in Plaintiff's claim").

Here, Google's Interrogatory Nos. 1-4 each relate to one "primary question." Interrogatory No. 1 requests information regarding the conception and reduction to practice of MHP's asserted claims. Interrogatory No. 2 seeks MHP's knowledge of prior art to the patent-in-suit. Interrogatory No. 3 requests information regarding MHP's pre-filing investigation. Interrogatory No. 4 requests information regarding MHP's infringement allegations. (*See* Exh. 1 at 7-8.)

Contrary to MHP's assertions, the subparts to Interrogatory Nos. 1-4 do not seek information on separate "distinct subjects." (Exh. 2 at 5-10.) Instead, the subparts request the factual bases underlying each of their corresponding primary question. For example, the subparts of Interrogatory No. 1 request information relating to the persons, dates, and documents related to conception and reduction to practice of MHP's asserted claims. These requested facts are "logically or factually subsumed within and necessarily related to the primary question." *Sunnergren*, 2013 W.L. 56758 at *1. As such, each of Interrogatory Nos. 1-4 counts as only one interrogatory. *Stamps.com, Inc. v. Endicia, Inc., PSI Sys. Inc.*, 2009 WL 2576371, at *3 (C.D. Cal. May 21, 2009) (holding that "the requests for facts, persons with knowledge of those facts and documents containing those facts should be considered one interrogatory because they are subsumed within the primary question of facts supporting defendants' infringement and validity contentions").

Moreover, MHP has propounded interrogatories that, like Google's interrogatories, request factual information relating to a primary question in several subparts. (Exh. 7.) For example, if MHP's counting method were correct, then its Interrogatory No. 1 would by itself count as 20 interrogatories because it requests information regarding "license[s], subscription[s], settlement[s] or similar agreements" (*i.e.*, at least four types of agreements), including the identity of third parties, documents, products covered, monetary compensation, and dates (*i.e.*, five "distinct subjects" for each of the four types of agreements). MHP's argument that Google's Interrogatories exceed the 20-interrogatory limit is belied by its own interrogatories that contain even more subparts than the interrogatories it refuses to answer.

Accordingly, MHP's refusal to answer Google's Interrogatory Nos. 5-8 is improper. Google requests that the Court (1) compel MHP to fully and completely respond to Interrogatory Nos. 5-8, (2) preclude MHP from relying on facts sought but not disclosed pursuant to Interrogatory Nos. 5-8, or (3) deem facts sought but not disclosed pursuant to Interrogatory Nos. 5-8 either established or not established. *Transclean Corp. v. Bridgewood Servs., Inc.*, 290 F.3d 1364, 1369, 1373 (Fed. Cir. 2002) (upholding discovery sanction precluding party from arguing non-infringement as a sanction for its failure to answer an interrogatory seeking its bases for making that argument).

District Judge Susan Illston
June 10, 2013
Page 3

### b.   MHP Improperly Refuses to Produce Documents Related to Its Investors and Parent Company.

MHP refuses to produce documents responsive to Google's Document Request Nos. 35 and 38. Request No. 35 seeks documents relating to MHP's investors and Request No. 38 seeks documents sufficient to identify persons employed by MHP's parent company, Innovation Management Sciences ("IMS"). (Exh. 4 at 15.)

Google seeks information relating to MHP's investors and parent company because the founder of MHP stated in a declaration that "MHP has no employees, though *two employees from IMS do assist on MHP business*."   (Case No. 1:11-cv-01268 RGA (D. Del.), Dkt. No. 14, ¶ 5 (emphasis added).)   Thus, any discoverable information related to MHP will likely be in the hands of those who control MHP, including individuals at MHP's parent company and its investors.   MHP should not be allowed to use its artful corporate structuring to prevent Google from obtaining the information it needs to fully investigate MHP's claims and defend itself. Accordingly, Google respectfully requests that the Court compel MHP to produce the information sought in Google's Document Request Nos. 35 and 38 related to MHP's investors and persons employed by IMS.

## 2.   <u>MHP's Position</u>

### a.   Google's Interrogatory Nos. 5-8 Improperly Exceed Rule 33(a)(1)

Google's Interrogatory Nos. 5-8 exceed the 25 interrogatories permitted by Rule 33, let alone the 20 interrogatories agreed to by the parties in the Joint Case Management Statement. The Interrogatories (Mount Hamilton's Responses are attached as Ex. 2, Supplemental Responses as Ex. 3) may list 8 interrogatories, however all but one contain discrete (and improper) subparts, each of which counts as one separate interrogatory.   Further, Interrogatories 7 and 8 are almost entirely the subject of expert and/or pre-trial disclosures, both of which are premature at this juncture. Fed. R. Civ. P. (a)(2), (3).

Federal Rule of Civil Procedure 33(a) provides: "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party *no more than 25* written interrogatories, including all discrete subparts." (emphasis added).   This means each discrete subpart will count as its own separate interrogatory for the purposes of the Rule. *See Hasan v. Johnson*, 2012 WL 569370, at * 4 (E.D Cal. Feb. 12, 2012).. For example, a request labeled as one interrogatory that requests information about (1) facts, (2) persons, and (3) documents counts as three separate interrogatories. *Id.* . Further, distinct products are also considered separate interrogatories. *Collaboration Properties, Inc. v. Polycome, Inc.* 224 F. R.D. 473, 475 (N.D. Cal. 2004)   A party cannot avoid the numerical limitations of Rule 33 by including more than one distinct subject in one interrogatory. *Id.*

District Judge Susan Illston
June 10, 2013
Page 4

Each of the first 5 interrogatories shoehorns multiple discrete subparts into one request.  In the spirit of cooperation, Mount Hamilton responded to the first 25 interrogatories (rather than 20 as previously agreed), which are contained in Google's numbered Interrogatories No. 1 through 5. Mount Hamilton refers to Exhibit 1 for the counting of each subpart, and Exhibit 2 for the supplemental responses to each subpart.  Mount Hamilton generously counted subparts in each instance, for example, Interrogatory No. 1 seeks: (1) dates regarding conception, diligence and reduction to practice (all *different* subjects); (2) identification of all persons involved in conception, diligence and reduction to practice; (3) detailed factual statements for each of conception, diligence and reduction to practice; (4) identification of all persons corroborating the dates of conception, diligence and reduction to practice; and (5) all documents and things corroborating the dates of conception, diligence and reduction to practice. The pattern continues with Interrogatories Nos.2-4.

At no point during the meet and confer process has Google identified why Mount Hamilton's counting is incorrect, and it cannot do so under Rule 33 and the applicable case law.  Mount Hamilton requests that the Court find it has satisfied its obligation under the Federal Rules and deny Google's request to compel Mount Hamilton's responses to Interrogatories 5-8.

### b.  Google's Requests for Production Nos. 35 and 38 Seek Overbroad, Irrelevant and Sensitive Information

Where a "request for production is not relevant to any claim that has actually been alleged in a complaint, is not relevant to a defense, and is not reasonably calculated to lead to discoverable admissible evidence," the party from whom the production is sought cannot be compelled to produce the requested documents. *See e.g., Pablo v. ServiceMaster Global Holdings, Inc.*, 2010 WL 5022564, * 3 (N.D. Cal. Dec. 3, 2010).  As the party seeking discovery, Google must establish the relevance of the documents it seeks. *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) ("[I]n general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26"); *accord  Apple Inc. v. Samsung Elecs. Co. Ltd.*, No 12-cv-0630-LHK (PSG), 2013 WL 1563253, at 1, n.3 (N.D. Cal. April 12, 2013).Requiring production of highly confidential documents, especially those that that are not relevant to any claim or defense, is also similarly disfavored and smacks of harassment. *See* Fed. R. Civ. P. 26(b)(5)(c)(1). While it is true that courts construe the word "relevant" in FRCP 26(b) broadly, it cannot be used to permit parties to satisfy their curiosity about wholly irrelevant facts to the case in dispute.

Here, Google's Requests for Production Nos. 35 and 38 request documents concerning: (1) Mount Hamilton's actual or potential financial investors and (2) employees of Mount Hamilton's parent company, Innovation Management Sciences ("IMS").  Neither of these Requests seeks information remotely relevant to any claim, counterclaim or defense in this action.

Google's defenses and counterclaims, which include invalidity and unenforceability, have nothing to do with any investors/potential investors of Mount Hamilton, nor all of the employees of IMS. While

District Judge Susan Illston
June 10, 2013
Page 5

there are two employees of IMS that provide work for Mount Hamilton, Request No. 38 is not limited to such employees, and seeks documents regarding *all* employees of IMS, regardless of any applicability or relevance to this action. Google's other Requests seek ample documents from the two IMS employees in their capacity for Mount Hamilton. Further, IMS is a third party, and as such, Mount Hamilton cannot produce documents on its behalf. Google admits as much, as it has already subpoenaed IMS for documents (and a deposition) directly.

Further, documents about Mount Hamilton's investors/potential investors are not evidence, nor would they lead to finding any evidence, that would assist in proving or disproving any of Mount Hamilton's claims. Mount Hamilton has not put its investor/potential investors' information at issue in this case. The Court should reject Google's attempt to manufacture relevance where it does not exist, merely so Google can undertake an unlimited search through Mount Hamilton's and its investors/potential investors' most sensitive information.

Moreover, requests for irrelevant documents must certainly be denied where, as here, the documents are highly confidential and contain sensitive information. *See e.g.*, *DataCom Sys., Inc. v. JDL Digital Sys., Inc.*, 2009 WL 38337213, at * 3 (W.D Ark. Nov. 13, 2009) (even in a case where "the amount of investment backing [wa]s arguably an issue," "the names of investors and their addresses and telephone numbers [we]re not relevant"); *Balfour Beatty Rail, Inc. v. Vaccarello*, 2006 WL 3792054, at * 2 (M.D. Fla. Dec. 21, 2006) (denying plaintiff's motion to compel third-party investors to produce documents which reveal their "specific financial interest and specific financial amounts they have invested" in defendants' allegedly competing business because the documents were highly confidential and where other information already provided by the investors was sufficient for Plaintiff's stated purpose for the documents).

Mount Hamilton's investor information is highly confidential and sensitive information. Mount Hamilton's business depends on money from investors and by turning over the requested information, it would run a real risk of alienating its life source of funds. In addition, it would place Mount Hamilton at a competitive disadvantage to provide Google, the company who it has sued for infringement of the '334 patent, with information about investors who are or were interested in investing with Mount Hamilton.

At no point during the meet and confer discussions has Google attempted to compromise on the scope of these Requests. Such Requests are fatally overbroad, and Google has offered no explanation for their breadth. Accordingly, the documents requested are irrelevant, and when weighed against the unreasonable scope of Google's Requests and the sensitive nature of the documents, Google's request to compel production of documents responsive to Request Nos 35 and 38 should be denied. The discovery should also be denied because they seek to annoy, embarrass and harass Mount Hamilton. *See* Fed. R. Civ. P. 26(b)(5)(c)(1).

District Judge Susan Illston
June 10, 2013
Page 6


Very truly yours,


*/s/ Victoria Q. Smith*_____          */s/ Jenna F. Karadbil*_____
Victoria Q. Smith                              Jenna F. Karadbil