1
2
3
4          IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6                                                    No. CV 12-01698
7    MOUNT HAMILTON PARTNERS, LLC,                   Related Case No. CV 12-01700
8                        Plaintiff,
9          v.                                        **ORDER RE: DISCOVERY DISPUTE**
10   GOOGLE INC.,
11                       Defendant.
12   _____/
13          This matter concerns a discovery dispute in a patent infringement suit brought by plaintiff Mount
14   Hamilton Partners, LLC ("MHP") against defendant Google Inc., regarding: (1) whether defendant
15   Google has exceeded 25 interrogatories permitted by Federal Rule of Civil Procedure 33; and (2)
16   whether plaintiff Mount Hamilton Partners, LLC's ("MHP") has properly refused to produce documents
17   related to its investors and parent company.  Having considered the parties' papers, the Court finds as
18   follows:
19
20   **1.      Application of Fed. R. Civ. P. 33.**
21          Google has propounded eight interrogatories on MHP.  *See* Dkt. 98-1.  MHP refuses to answer
22   interrogatories 5-8 on the grounds that, when taken together with interrogatories 1-4, they exceed the
23   limit permitted by Fed. Rule. Civ. P. 33(a)(1) and by the parties' agreement.  Although only 8
24   interrogatories are listed, MHP maintains that each of the first 5 interrogatories "shoehorns multiple
25   discrete subparts into one request."  Dkt. 98 at 4.  Google responds that each interrogatory contains a
26   primary question with subparts that are logically or factually related to the primary question.  Rather
27   than presenting distinct subjects, Google argues that the subparts request the factual bases underlying
28   each of their corresponding primary questions.  The Court agrees with Google.

       Federal Rule of Civil Procedure 33 states in relevant part, "a party may serve on any other party

**United States District Court**
For the Northern District of California

no more than 25 written interrogatories, including all discrete subparts."  Fed. R. Civ. P. 33(a)(1).

Although the term "discrete subparts" does not have a precise meaning, courts generally agree that

"interrogatory subparts are to be counted as one interrogatory ... if they are logically or factually

subsumed within and necessarily related to the primary question." *Safeco of America v. Rawstrom*, 181

F.R.D. 441, 445 (C.D. Cal. 1998).  A single question asking for several bits of information relating to

the same topic counts as one interrogatory. *Id*.  However, questions seeking information about separate

subjects count as several interrogatories. *See Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684,

686 (D. Nev. 1997); *Collaboration Properties, Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal.

2004).

A review of Google's interrogatories 1-4 reveals that each interrogatory begins with a primary

theme and follows with subparts that are logically related to that primary theme. Interrogatory no. 1, for

example, requests detailed information related to the broader theme of the conception and reduction to

practice of each asserted claim of the patent-in-suit, and in subparts, requests information about the

persons, dates, and documents in relation to the general theme .   Interrogatory no. 2, similarly, requests

information about the broad theme of MHP's knowledge of prior art to the patent-in-suit, and its

subparts request detailed information about  persons, dates, and circumstances related to knowledge of

prior art. Interrogatories no. 3 and no. 4, similarly, proceed with a general theme followed by related,

detailed subparts.  An interrogatory with subparts necessarily related to the primary question – as

Google's are here – count only as one interrogatory for purposes of Rule 33.  Accordingly, the Court

finds that Google has not exceeded the relevant limit and hereby compels MHP to respond to

interrogatories 5-8.

**2.      Google's Document Request Nos. 35 and 38.**

MHP contends Google's document requests nos. 35 and 38 are overbroad and irrelevant.  The

Court disagrees.  The two requests relate generally to MHP's investors and parent company.  In its Rule

7.1 disclosure statement, MHP admits that it is wholly owned by Innovation Management Services, LLC

("IMS").  Dkt. 4.  MHP's founder and president Rakesh Ramde also admits that IMS is "the sole

manager and member of MHP" and that MHP has no actual employees, "though two employees from

1  IMS do assist on MHP business." *See* Ramde Decl., ¶¶ 3, 5, *MHP v. Groupon*, 12-cv-01700-SI (N.D.

2  Cal.), Dkt. 14.  Given that MHP asserts that it has no employees, information about its investors and

3  parent company is certainly relevant, or at least likely to lead to relevant information to enable Google

4  to understand MHP's basis for believing that Google has infringed MHP's patent.  The only remaining

5  issue is whether the requests are broader than necessary.

6        The Court finds that the requests are not overbroad.  Request no. 35 seeks "[a]ll documents and

7  things referring to any actual or potential financial investor of Mount Hamilton, including all

8  presentations and demonstrations describing or disclosing the '334 patent or technology,

9  instrumentalities, or services allegedly covered by the '334 patent."  This request does not generically

10  seek a list of MHP investors.  Instead, it seeks investor information insofar as it relates to the '334

11  patent.  That may, for example, include a presentation to investors or potential investors describing the

12  scope of the '334 patent.  Such a presentation may, necessarily, reveal the identity of MHP's investors

13  or potential investors.  However, any such revelation is incidental and does not render the request

14  overbroad.

15        MHP also argues that Google's request no. 35 is improper because it seeks irrelevant documents

16  that are highly confidential.  In particular, MHP is concerned that it would be placed "at a competitive

17  disadvantage" in revealing investor information to Google.  As discussed, the documents are relevant,

18  or likely to lead to relevant information.  Moreover, there is nothing in the record to suggest that MHP

19  – which owns a patent it does not practice –  competes with Google.  To the extent MHP feels that

20  information responsive to request no. 35 is confidential or highly confidential, the parties have agreed

21  to a protective order which governs the release of such information.  *See* Dkt. 62.  Accordingly, MHP

22  is compelled to respond to request no. 35, and produce all such responsive information consistent with

23  the protective order in this case.

24        Request no. 38 seeks "[a]ll documents sufficient to identify the persons employed by Innovation

25  Management Sciences."   As discussed, given MHP's lack of employees and admitted symbiotic

26  relationship with IMS, this request is certainly relevant.  MHP objects because the request is not limited

27  to the two IMS employees who admittedly do work on MHP's behalf.  Instead, it potentially seeks

28  documents related to all persons employed by IMS.

The federal rules provide that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Relevance has been broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

Although broadly worded, the scope of material responsive to this request is likely very limited. First, Google has not, and cannot ask MHP to produce information on behalf of IMS. Such a request would be properly directed to IMS, through a third party – which Google has apparently done. Second, the request only asks for information MHP possesses as to who is employed by IMS. Presumably, any such information possessed by MHP would necessarily relate to its relationship with IMS and/or the patent at issue in this suit, or could reasonably lead to such information. Accordingly, the Court hereby compels MHP to respond to request for production no. 38.

For the foregoing reasons, and for good cause shown, the Court hereby compels MHP to:

1.    Respond to Google's interrogatory nos. 5-8, no later than August 1, 2013.

2.    Respond to Google's request for production nos. 35 and 38, no later than August 1, 2013..

**IT IS SO ORDERED.**

Dated: July 25, 2013

_____
SUSAN ILLSTON
United States District Judge